IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-03885-PAB

JUAN ONTIVEROS ESTRADA,

Petitioner,

v.

JUAN BALTAZAR, Aurora Detention Facility,
GEORGE VALDEZ, Acting Director of Denver Field Office, U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, and
TODD BLANCHE, Attorney General of the United States, in their official capacities,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Juan Ontiveros Estrada's Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 5.

## I. BACKGROUND[1]

Petitioner is a citizen of Mexico. Docket No. 1 at 5, ¶ 22. Petitioner entered the United States in 2004 and has been continuously living in the United States since he entered. *Id.* at 6, ¶ 23. Petitioner has a United States citizen spouse and son. *Id.*, ¶ 24. On July 9, 2026, Immigration and Customs Enforcement ("ICE") conducted a targeted enforcement operation aimed at another noncitizen. *Id.*, ¶ 27. During that operation,

[1] The following facts are taken from the habeas petition. Docket No. 1. Respondents do not dispute any facts and do not provide any facts of their own. *See generally* Docket No. 5.

petitioner was taken into custody. *Id.* ICE did not identify petitioner until he was transported to an ICE office. *Id.*, ¶ 28. Petitioner was issued a Notice to Appear charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i). *Id.*, ¶ 29. Petitioner is detained at the immigration detention facility in Aurora, Colorado. *Id.* at 4, ¶ 15.

On August 24, 2026, petitioner filed a petition for writ of habeas corpus. Docket No. 1. On August 28, 2026, respondents filed a response, stating that they "are not submitting a brief in opposition to the Petition." Docket No. 5 at 1. Respondents "recognize that the Court may then decide to grant the Petition and award appropriate relief." Docket No. 5 at 1-2.

## II. ANALYSIS

Title 8 U.S.C. § 1226(a) provides that, "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."[2] 8 U.S.C. § 1226(a) (emphasis added). Federal regulations state that a Form I-200 arrest warrant cannot be issued until the time that a Notice to Appear is issued, or any time thereafter. *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (citing 8 C.F.R. §§ 236.1, 1236.1). Petitioner was taken into custody during an enforcement raid directed at another noncitizen and his identity was not determined until after petitioner was taken into custody. Docket No. 1 at 6, ¶¶ 27-28. Petitioner was then issued a Notice to Appear. *Id.*, ¶ 29. Therefore, the Court finds that petitioner was not detained pursuant to a valid warrant. Respondents provide no argument to the contrary.

[2] The type of warrant issued by immigration officers is known as Form I-200. *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (citing 8 C.F.R. §§ 236.1, 1236.1).

There are exceptions to § 1226(a)'s warrant requirement. Pursuant to § 1357(a)(2), immigration officials may arrest a noncitizen without a warrant:

> to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2). Under § 1357(a)(5), an immigration officer may also make a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony,
>
> if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5). "Courts have recognized that these warrantless-arrest authorities are strictly limited, particularly in the interior-arrest context." *Morelos Valdovinos v. Noem*, 2026 WL 948285, at *5 (D.N.M. Apr. 8, 2026) (collecting cases).

Respondents have not provided any argument or set forth any evidence indicating that petitioner's arrest without a valid warrant was proper under § 1357. *See generally* Docket No. 5. Accordingly, the Court finds that respondents lacked statutory authority to arrest petitioner, and petitioner's detention is thus unlawful. *See Morelos Valdovinos*, 2026 WL 948285, at *6 (finding that respondents lacked authority for petitioner's arrest where "[n]othing in the record suggests that either statutory condition

– reasonable belief of a violation or likelihood of escape – was met" and "the record contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a warrantless arrest"); *Matovu v. Mullin*, 2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026) (finding that respondents' warrantless arrest was unlawful where "Respondents introduced no evidence and, as such, failed to establish that they had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest") (alteration, internal quotation, and citation omitted).

Where respondents have failed to obtain a valid warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found the appropriate remedy is to order the non-citizen's release. *See, e.g.*, *Morelos Valdovinos*, 2026 WL 948285, at *7 (ordering petitioner's released based on "a growing body of decisions holding that when DHS detains a noncitizen under § 1226(a) without a warrant and without satisfying § 1357(a)(2), the detention is unlawful from the outset and immediate release is required") (collecting cases); *Matovu*, 2026 WL 1387476, at *3; *Kunner v. Grant,* 2026 WL 1623016, at *4 (W.D. Okla. Apr. 22, 2026), *report and recommendation adopted sub nom.*, 2026 WL 1452463 (W.D. Okla. May 22, 2026). "[W]hen DHS cannot meet the statute's requirements for a warrantless arrest, continued detention is unlawful and release is the only permissible remedy*.*" *Morelos Valdovinos* 2026 WL 948285, at *7. Accordingly, the Court will order petitioner's release.[3]

## III. CONCLUSION

Therefore, it is

[3] Because the Court will order petitioner's release on the basis of the warrantless arrest, it will not reach petitioner's four other claims for relief.

**ORDERED** that petitioner Juan Ontiveros Estrada's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that the parties shall file a status report confirming that petitioner has been released from custody within **four days** of the issuance of this order.

DATED September 2, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge